IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOROTHY COMARDELLE** § | | **PLAINTIFF** |
| §  | | |
| v. § | | **CAUSE NO. 1:10CV316 LG-RHW** |
| § | | |
| **IMPERIAL PALACE OF MISS., INC.,** § | | |
| and **IMPERIAL PALACE OF MISS., LLC,** § | | |
| **MONSIGNOR WYNHOVEN** § | | |
| **APARTMENTS, INC., HILDA** § | | |
| **CHACHERE** and **JAMES CHACHERE** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO SEVER, GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS,
AND REMANDING CASE**

BEFORE THE COURT are the Motion [24] to Sever for Misjoinder of Parties, filed by Imperial Palace of Mississippi, LLC and joined by the remaining Defendants, and the Motion [22] to Dismiss for Lack of Subject Matter Jurisdiction, filed by Monsignor Wynhoven Apartments, Inc. The Plaintiff has responded to the Motion to Dismiss but not the Motion to Sever. After due consideration of the briefs and the relevant legal authority, it is the Court's opinion that Plaintiff's claims against the various Defendants should not be severed, and that the case should be remanded because the Court no longer has subject matter jurisdiction.

DISCUSSION

The Imperial Palace Defendants removed this case to this Court on the basis of diversity jurisdiction. After removal, Plaintiff amended her Complaint to add defendants and claims. Plaintiff alleges in her Amended Complaint that she took part in a trip to the Imperial Palace casino arranged by Wynhoven Apartments, a

community for the elderly.  When leaving the casino with her group, she wished to descend from the second floor, but discovered the elevators were out of order.  She was directed by casino personnel to take the escalator instead.  When about halfway down the escalator, Plaintiff fell, suffering injuries.  She alleges that the Defendants are responsible for her injuries - Imperial Palace by failing to provide her a safe premises, and Wynhoven Apartments and the Chacheres (the "Apartment Defendants") by failing to provide adequate supervision or a safe location for the outing, and failing to warn her of the deteriorating premises conditions.

Imperial Palace, joined by the remaining Defendants, seeks a severance of the Plaintiff's claims due to misjoinder of the claims against the Apartment Defendants, with the claims against the Apartment Defendants either dismissed or remanded.  Additionally, Monsignor Wynhoven Apartments moves for dismissal based on lack of subject matter jurisdiction, because the newly-added defendants destroyed diversity.  As between the issues presented, the issue of improper joinder must be considered first. *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

JOINDER OF THE APARTMENT DEFENDANTS:

The Imperial Palace Defendants argue that the claims against the Apartment Defendants were improperly joined, because the transactions or occurrences are wholly unrelated, involve no joint or solitary liability, and involve no common questions of law or fact.  Misjoinder of claims as a ground for disallowing remand was first adopted by the Eleventh Circuit Court of Appeals, and has subsequently been mentioned by the Fifth Circuit.  *See Tapscott v. Miss. Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996);

*In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).  Mere misjoinder of claims, however, does not rise to the level of fraudulent misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder.  *Tapscott*, 77 F.3d at 1360; *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004).

In a case removed to this Court, the question whether there has been fraudulent or improper misjoinder is determined by Mississippi's rules on joinder.  *See Palmero v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008) (explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought.").  Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action.  Rule 20 provides that:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of actions or occurrences and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a).

Courts analyzing *Tapscott* generally note that the joinder in that case was particularly egregious because it involved an attempt to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants with no connection between the two groups.  *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d at 1284, 1289 (11th Cir. 1998) (distinguishing *Tapscott*

because "the instant case does not involve two distinct classes that have 'no real connection' to each other"); *Glenn v. Purdue Pharma Co.*, 2003 WL 22243939, at *5 (N.D. Miss. Sept. 25, 2003) (declining to apply *Tapscott* because *Tapscott* involved two separate groups of plaintiffs and defendants with "no real connection existing between the two groups"); *Jamison v. Purdue Pharma Co.*, 251 F. Supp.2d 1315, 1323 (S.D. Miss. 2003) (noting that because "no plaintiff in the first group stated a claim against a defendant in the second group and no plaintiff in the second group stated a claim against a defendant in the first group, there was no series of transactions or occurrences that connected these two groups"); *Johnson v. Glaxo SmithKline*, 214 F.R.D. 416, 420 (S.D. Miss. 2002) (noting that "[i]n effect, two entirely distinct lawsuits had been merged into one" ).

The United States Supreme Court has held that the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).  District courts in this circuit have declined to find that claims and parties have been fraudulently misjoined if there is a "palpable connection" or a "distinct, litigable event" linking the parties.  *See Willingham v. State Farm Ins. Co.*, 2009 WL 2767679, *3 (N.D. Miss. Aug. 27, 2009); *Jamison*, 251 F. Supp. 2d at 1322-23; *Terrebonne Parish Sch. Bd. v. Texaco, Inc.,* 1998 WL 160919, *3 (E.D. La. April 3, 1998).

In this case, there is one incident at issue, and therefore one set or series of facts.

Plaintiff has advanced a number of theories of recovery, but the single incident, and the Defendants' possible joint liability for Plaintiff's damage, is a sufficient connection between the claims and the parties under Mississippi's joinder rules. Accordingly, the Court finds no improper joinder in this case.

DIVERSITY JURISDICTION:

Plaintiff is alleged to be a Louisiana resident. At the time her case was removed to this Court on the basis of complete diversity of citizenship, Plaintiff's complaint made claims only against Imperial Palace of Mississippi, Inc. and Imperial Palace of Mississippi, LLC, both alleged to be Mississippi residents.

After Plaintiff's Complaint was amended to include additional defendants, the diversity jurisdiction that previously existed in this case was destroyed. The newly-added Defendants - Monsignor Wynhoven Apartments and James and Hilda Chachere - are alleged to be residents of Louisiana, like the Plaintiff. Monsignor Wynhoven Apartments seeks dismissal, or alternatively, remand of the suit. Plaintiff argues that the suit should be remanded to the Circuit Court of Harrison County, Mississippi, where it originated. The Court agrees that under the circumstances of this case, remand is the appropriate action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [24] to Sever for Misjoinder of Parties is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [22] to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** as to the request for remand and **DENIED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE